UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Charles Willis Lamb, # 186788, | ) C/A No. 8:10-729-CMC-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Kirkland Correctional Institution Head Doctor, | ) |
| Defendant. | ) |

Charles Lamb (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at Lieber Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This complaint names the Kirkland Correctional Institution Doctor, though it does not identify the doctor's name. In his brief complaint, Plaintiff alleges that the defendant refused to order a cast to be placed on Plaintiff's broken hand. Plaintiff seeks monetary damages.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff is incarcerated at Lieber Correctional Institution, a facility of the South

Carolina Department of Corrections (SCDC). He has repeatedly filed civil actions, many of which allege that unspecified defendants have denied Plaintiff treatment for a hand injury. In fact, this is the forty-third (43rd) civil action filed by the Plaintiff in this Court since August of 2008.

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's complaint states that he was seen by the prison doctor at Kirkland and diagnosed with a broken hand, but that the doctor refused to treat the break using a cast. Thus, it appears Plaintiff is attempting to state a claim for deliberate indifference to his medical needs. However, such a claim is unsupported by the facts.

The law is clear that correctional systems are required to provide medical care to inmates, and detention facilities are required to provide medical treatment to detainees. *Helling v. McKinney*, 509 U.S. 25 (1993):

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume

3

> some responsibility for his safety and general well being. . . . The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the Eighth Amendment.

*Id.* at 32 (*quoting DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 199-200 (1989)).

However, with respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court has also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). In addition, while the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 & n. 2 (S.D.Ga. 1994).

In *Lamb v. Maschner*, 633 F. Supp. 351 (D.Kan. 1986), the district court ruled that the proper inquiry is whether the prison or jail provided any treatment, and that the plaintiff's agreement or disagreement with the treatment is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

4

*Lamb v. Maschner*, 633 F. Supp. at 353. In the instant complaint, Plaintiff indicates that he received medical attention for his injured hand. As Plaintiff clearly received some medical treatment for his injury, he fails to show "deliberate indifference" on the part of the defendant.

At most, Plaintiff's claim, that the defendant opted not to apply a cast, sounds in negligence. However, negligent or incorrect medical treatment is not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. at 106. *See also Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987). Therefore, Plaintiff's complaint is subject to summary dismissal.

Plaintiff has made this complaint of failure to provide a cast for his hand in repeated cases, which have been summarily dismissed.[2] His insistence upon filing essentially the same case repeatedly is wasteful of judicial resources, and therefore malicious for purposes of 28 U.S.C. §1915(e)(2)(B)(I) and §1915(g). Because Plaintiff has been informed many times that this cause of action has no merit, this complaint is also frivolous for purposes of 28 U.S.C. §1915(e)(2)(B)(I) and §1915(g).

## Imposition of Sanctions

Plaintiff has demonstrated a propensity to file frivolous lawsuits in this Court. To date, Plaintiff has filed at least twenty (20) cases which have been summarily dismissed by the Court due to frivolity, maliciousness, naming immune defendants, or failure to state

---

[2] These cases include, for example, Civil Action Numbers 8:09-726-CMC-BHH; 8:09-1231-CMC-BHH; 8:09-1953-CMC-BHH; 8:09-1854-CMC-BHH; and 8:10-153-CMC-BHH;

a claim upon which relief may be granted.[3]  Three of these cases have been assigned "strikes" under 28 U.S.C. § 1915(g).[4]  In addition, Plaintiff has filed three (3) cases which have been dismissed for lack of prosecution/failure to comply with an order of this Court.[5] Eighteen (18) additional cases have been dismissed due to the "three strikes" rule of 28 U.S.C. § 1915(g).[6]  Despite Report and Recommendations which have detailed the reasons Plaintiff may not file repetitive, meritless claims – most of them nearly identical – Plaintiff has filed eighteen (18) duplicative cases in the first three months of this year alone. Thus, it appears Plaintiff will continue to waste this Court's precious judicial resources unless restrictions are placed on Plaintiff's future submissions.

This Court has the authority to order a prefiling injunction or other appropriate sanction against vexatious litigants. *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).  *See also Thomas v. Fulton*, No. 07-1713, 2008 WL 64651, slip

---

[3] *See* Civil Action Numbers: 8:08-3558-CMC-BHH; 8:08-3685-CMC-BHH; 8:08-3732-CMC-BHH; 8:09-105-CMC-BHH; 8:09-322-CMC-BHH; 8:09-477-CMC-BHH; 8:09-478-CMC-BHH; 8:09-726-CMC-BHH; 8:09-964-CMC-BHH; 8:09-1231-CMC-BHH; 8:09-1240-CMC-BHH; 8:09-1622-CMC-BHH; 8:09-1655-CMC-BHH; 8:09-1656-CMC-BHH; 8:09-1805-CMC-BHH; 8:09-1806-CMC-BHH; 8:09-1853-CMC-BHH; 8:09-1854-CMC-BHH; 8:09-1855-CMC-BHH; 8:09-1903-CMC-BHH;

[4] *See* Civil Action Numbers: 8:09-105-CMC-BHH; 8:09-322-CMC-BHH; and 8:09-1854-CMC-BHH.

[5] *See* Civil Action Numbers: 8:08-2805-CMC-BHH; 8:09-725-CMC-BHH; 8:09-1029-CMC-BHH;

[6] *See* Civil Action Numbers: 8:09-2282-CMC-BHH; 8:09-2283-CMC-BHH; 8:09-2693-CMC-BHH; 8:09-3107-CMC-BHH; 8:09-3108-CMC-BHH; 8:10-153-CMC-BHH; 8:10-154-CMC-BHH; 8:10-155-CMC-BHH; 8:10-176-CMC-BHH; 8:10-257-CMC-BHH; 8:10-258-CMC-BHH; 8:10-259-CMC-BHH; 8:10-260-CMC-BHH; 8:10-261-CMC-BHH; 8:10-723-CMC-BHH; 8:10-724-CMC-BHH; 8:10-727-CMC-BHH; and 8:10-728-CMC-BHH.

op. (4th Cir. Jan. 7, 2008)(a prefiling injunction must be narrowly tailored to fit the circumstances of the case), *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23-25 (2nd Cir. 1986)(five factors for court to consider before imposing order of prefiling review); *Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir. 1981)("joined other courts in approving prefiling review of complaints brought by prisoners with a history of litigiousness"); *Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir. 1977). The sanctions which the Court may consider include, but are not limited to: (1) denial of proceeding without prepayment of the filing fee, (2) the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted, (3) monetary sanctions that will have to be satisfied before any further filings may be made, (4) dismissal of any action, (5) entry of an order of contempt of court, and (6) any and all other forms of sanctions available to the Court under Rule 11 of the Federal Rules of Civil Procedure.

Overly litigious, malicious, and/or vexatious individuals, such as the Plaintiff, place a burden on the judicial system and divert judicial resources from other pending litigation. A court must "balance between insuring access to the courts and controlling already overburdened dockets." *In Re Burnley*, 988 F.2d 1, 4 (4th Cir. 1992).

Plaintiff has filed forty-seven (47) complaints in this Court since August of 2008, the vast majority setting forth frivolous, repetitive claims regarding his alleged 2008 hand injury against various Defendants. Plaintiff has clearly demonstrated that he is a vexatious and abusive litigant in this Court. Therefore, Plaintiff is put on notice that he risks a filing injunction if he continues to make abusive filings. The filing injunction would direct the Clerk of Court to return any civil action submitted to this Court by the Plaintiff, unfiled,

unless:

(1) Plaintiff pays the full statutory filing fee (currently $350.00) at the time any new civil case is submitted for filing;

or

(2) The Complaint sets forth facts that fall into the exception to the "three strikes" clause of 28 U.S.C. § 1915(g), which reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**PLAINTIFF IS ON NOTICE THAT THIS PREFILING INJUNCTION WILL BE ORDERED IF HE CONTINUES TO FILE REPETITIVE COMPLAINTS. THIS INJUNCTION WILL ORDER THE CLERK OF COURT'S OFFICE TO RETURN, UNFILED, ANY CASE THAT IS NOT ACCOMPANIED BY THE FILING FEE OR WHICH DOES NOT, IN THE DISCRETION OF THE CLERK'S OFFICE, MEET THE EXCEPTION DESCRIBED IN 28 U.S.C. § 1915(g), AS DISCUSSED ABOVE.**

Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **As the undersigned finds this complaint to be frivolous and malicious for the reasons explained above,**

8

**it is further recommended that this case be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).** Plaintiff's attention is directed to the important notice on the next page.

March 3, 2010  
Greenville, South Carolina

s/Bruce Howe Hendricks  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).