IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Charles Lamb, # 186788, | C/A NO. 8:10-729-CMC-BHH |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Kirkland Correctional Institution Head Doctor, | |
| Defendant. | |

This matter is before the court on Plaintiff's *pro se* complaint brought pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation. On March 31, 2010, the Magistrate Judge issued a Report recommending that this matter be counted as a "strike" under 28 U.S.C. §1915(g) and dismissed. Additionally, the Magistrate Judge informed Plaintiff of the recommendation of a prefiling injunction regarding future matters filed by Plaintiff, commonly known in this Circuit as a "Riddle Order." *See Graham v. Riddle*, 554 F.2d 133 (4th Cir. 1977).

For the reasons noted below, the court **vacates** the Order granting Plaintiff's motion to procced *in forma pauperis* (ifp). Dkt. # 9 (filed Mar. 31, 2010). Additionally, the section of the Report and Recommendation titled "Imposition of Sanctions" is treated as a recommendation from the Magistrate Judge that a prefiling review sanction be imposed upon Plaintiff.

1

**Motion to Proceed *In Forma Pauperis* (IFP)**

As noted by the Magistrate Judge, Plaintiff has filed numerous civil actions in this court, at least three of which have been found to be frivolous under 28 U.S.C. § 1915(e)(2). Section 1915(g) provides that

> *[i]n no event* shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Therefore, the statutory direction is that Plaintiff may not proceed *ifp* if he has had three actions which previously have been dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted . . . ." This directive applies to the current case.

The court **vacates** the Order granting *ifp* status. Plaintiff's motion to proceed *ifp* is **denied**. Plaintiff shall have until **June 11, 2010,** to pay the full filing fee for this matter ($350.00).[1] Should Plaintiff pay the filing fee, this matter shall be referred to the Magistrate Judge to conduct a review of Plaintiff's complaint under § 1915A.[2] If Plaintiff does not pay the full filing fee by June 11, 2010, or seek an extension of time in which to do so, this case shall, by additional order of this court, be dismissed without prejudice and without service of process.

---

[1] Payment should be made to: *Clerk, U.S. District Court*, 901 Richland Street, Columbia, South Carolina 29201.

[2] An initial review of Plaintiff's complaint by the Magistrate Judge indicates that it appears to be frivolous. However, this initial review does not preclude the submission of an Amended Complaint, either prior to or in conjunction with the payment of the filing fee, which would necessitate additional review by the Magistrate Judge.

**Recommendation of Imposition of Sanction**

Title 28, United States Code Section 636 delineates the statutory authority granted United States Magistrate Judges. Section 636(b)(1)(A) provides that

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Section 636(b)(1)(B) provides that a district judge may designate a Magistrate Judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . ." 28 U.S.C. § 636(b)(1)(B).

The imposition of a prefiling injunction would preclude Plaintiff from filing additional lawsuits in this court absent a showing that Plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Therefore, because this sanction would operate to automatically dismiss any future case filed by Plaintiff absent the requisite showing of imminent danger of serious physical injury, the imposition of such a sanction is in the nature of injunctive relief. Accordingly, this court treats the portion of the Report and Recommendation regarding the imposition of a prefiling injunction as a recommendation to this court.

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired. However, because the Order granting *ifp* status has been vacated and Plaintiff given the opportunity to pay the full filing fee,

Plaintiff may also have until **June 11, 2010**, in which to either file objections to the recommendation relating to the prefiling injunction or seek an extension of time in which to do so.

Plaintiff's failure to respond to the Report, and this Order, by the above-referenced date will result in dismissal of this matter and the imposition of a prefiling injunction as discussed above. This prefiling injunction will direct that the Clerk of Court return, unfiled, any new civil action filed by Plaintiff which is not accompanied by the full filing fee, or which does not meet the exception in 28 U.S.C. § 1915(g), as noted above. The decision whether new civil actions filed by Plaintiff contain a showing of "imminent danger of serious physical injury" shall be made by this court.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 11, 2010

C:\Documents and Settings\nac60\Desktop\10-729 Order.wpd

4